## Hardwick Trust

*High, Swartz, Childs & Roberts* and *Morgan, Lewis & Bockius*, contra.

*Wisler, Pearlstine, Talone & Gerber*, for petitioner.

TAXIS, P. J., May 10, 1956.—Francis X. Lawson, on March 28, 1956, filed his petition for the appointment of a substituted trustee under section 1410 of the Banking Code of May 15, 1933, P. L. 624, 7 PS §819, as amended by the Act of September 29, 1955, P. L. 655, 7 PS §819-1410. Petitioner is the father and surviving parent of Francis Gordon Lawson, a minor, seven years old, who was born March 20, 1949. The mother died on January 15, 1953. The minor lives with his father and stepmother in Bethlehem. On May 8, 1953, this court appointed the Union Bank and Trust Company of Bethlehem as guardian of the estate of this minor which has joined in the prayer of this petition.

An answer was filed by the First Pennsylvania Banking and Trust Company admitting all relevant averments of fact but praying that the petition be dismissed for reasons discussed hereafter.

By inter vivos indenture dated May 7, 1946, Marjory Taylor Hardwick created this trust for the benefit of her daughter, Anita Marjory Hardwick Lawson, in which The Pennsylvania Company for Insurances on Lives and Granting Annuities and Anita M. H. Lawson were named cotrustees. The trust gave the entire net income to the daughter for life with power of appointment by will over the principal. By her will Anita M. H. Lawson exercised this power of appointment to her "children absolutely share and share alike". She further directed the trustees to withhold distribution of principal to a minor beneficiary until termination of minority and meanwhile to apply income or principal, in their discretion, for maintenance, support and education of the minor. Francis Gordon Lawson, the minor, is the only child of Anita H. M. Lawson, and is the sole beneficiary of this trust.

The original corporate cotrustee, now The First Pennsylvania Banking and Trust Company, on March 9, 1956, filed articles of merger with the Department of State of the Commonwealth whereby the corporate trustee and The Wayne Title and Trust Company are to be merged.

In the petition it is suggested that The First National Bank and Trust Company of Bethlehem be appointed substituted trustee, and a statement as to the willingness of this corporate fiduciary to act is appended to the petition.

There are no allegations in any way questioning the qualifications or competence of respondent trustee. This proceeding is not to be confused with a proceeding seeking removal of a trustee on the grounds of mis-

conduct or breach of trust, nor is any such suggestion intimated in this proceeding. Rather, this petition, seeking the appointment of a substituted trustee, is based solely on section 1410 of the Banking Code, supra, dealing with the effect of merger and consolidation on estates held in a fiduciary capacity. Since respondent has recently affected a merger, as distinguished from a consolidation, only those provisions of the statute applicable to the effect of a merger are determinative of the controversy at hand.

In general, section 1410 of the Banking Code provides that in the event of a merger the parties interested in any property held by the original fiduciary may apply for the appointment of a substituted trustee. It then becomes a discretionary matter with the court as to whether it will exercise its power to appoint a substitute fiduciary, but ". . . in the absence of unusual facts or circumstances the Court to which the application is made should appoint a reputable substituted corporate fiduciary": Ranck Estate, 381 Pa. 332, 335 (1955).

In Ranck Estate, supra, a petition was filed by persons interested in property held by the fiduciary which was absorbed by merger, that is, the assimilated fiduciary. The Supreme Court affirmed the decree of the court below appointing the substituted trustee. In the present case, however, the situation is reversed. Here the petitioning parties are interested in property held by the *surviving* fiduciary participating in the merger, as opposed to the assimilated fiduciary. The issue then, is whether section 1410 confers a right to petition for a substituted trustee on persons interested in property held by a surviving fiduciary as well as by an assimilated fiduciary?

Petitioner contends that no distinction is made in the statute between the assimilated and the surviving

corporate fiduciary, that a party interested in trust funds held by the surviving fiduciary is given the right to petition. Examination of the statute, however, discloses a clearly expressed legislative intention that only parties interested in property held by an assimilated fiduciary are entitled to petition for appointment of a substituted trustee.

The statute directs that as soon as the articles of merger are filed in the Department of State, the *surviving* institution shall cause notice thereof to be given ". . . to all corporations or persons interested in any funds, property, or investments *formerly* held in a fiduciary capacity by the bank and trust companies, trust companies or national banking associations which have participated in the merger or consolidation, under the provisions of this act. Such corporations or persons may apply for the appointment of a substituted fiduciary". (Italics supplied.)

Petitioner's argument directs attention to the words "bank and trust companies . . . which have participated in the merger . . ." and argues that the only test for applicability of the act is whether a corporate fiduciary, surviving or assimilated, "participated" in the merger. However, the words "bank and trust companies . . . [participating] in a merger . . ." refer only to those institutions *formerly* holding funds in a fiduciary capacity, and it can only be the assimilated fiduciary which has *formerly* held funds, not the surviving institution. This conclusion becomes more apparent from a reading of the first paragraph of section 1410(A) which provides that funds held by corporate fiduciaries "which have participated in a merger . . . shall be taken and deemed to be transferred to and vested in the surviving . . . institution without any further act or deed . . .". It is these assimilated fiduciaries which *formerly* held the funds in a fiduciary

capacity and it is to them that the subsequent provisions of the statute apply. Certainly, the surviving corporate fiduciary would not be described as *formerly* holding funds. Trust funds in their possession prior to the merger are unaffected by the merger and continue to be held under the same fiduciary relationship.

Not only is the language of section 1410 of the Banking Code clear, but also reason and common sense dictate the conclusion just reached. The thrust of this section of the Banking Code is toward protection of those persons interested in funds held by a fiduciary in whom they have reposed confidence and trust. When as a result of a merger the assimilated fiduciary suddenly ceases to exist and a completely new fiduciary appointed by operation of the act, the "corporations or persons interested in any funds, property, or investments" of the assimilated fiduciary are given an opportunity to reject this new fiduciary. The above situation does not arise with respect to persons interested in funds held by the surviving fiduciary, whose corporate existence continues as always, altered only by the addition of the assets of the assimilated fiduciary.

If petitioner's argument is pursued to its normal, result, it would permit the fiduciary accounts of a surviving institution which has absorbed another corporate fiduciary by merger, to be placed in danger of being transferred elsewhere. Such a situation was never contemplated by the legislature as is demonstrated by the language of section 1410.

Accordingly, the prayer of the petition for appointment of a substituted trustee is hereby denied. Done, May 10, 1956.